# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No.  05 CR 202 |
| ) | |
| MARY CAPRI, ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Mary Capri's ("Capri") motion for a new trial. For the reasons stated below, we deny the motion.

## BACKGROUND

Capri was charged by indictment in this action with two counts of mail fraud in violation of 18 U.S.C. § 1341, which were committed while on supervised release in violation of 18 U.S.C. §3147 ("Counts I and II").  A jury trial was commenced in this case on April 11, 2007, and on April 17, 2007, the jury returned a verdict of guilty on Counts I and II.  The jury also returned a second verdict and found that Capri committed the offense of mail fraud in Counts I and II while Capri was released from custody pending judicial proceedings in another matter.  Capri now moves for a new trial pursuant to Federal Rule of Criminal Procedure 33.

**LEGAL STANDARD**

A court may provide a defendant found guilty of a crime by a jury with a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether a new trial is warranted is "committed to the sound discretion of the trial judge." *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *Id.* (citing *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)); *see United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007)(stating that "[t]he court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand'")(quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)).

**DISCUSSION**

I. Jury Instructions Claim

Capri argues that the court's jury instructions number 16 ("Instruction 16"), number 23 ("Instruction 23"), and number 25 ("Instruction 25") were improper. To establish the need for a new trial, a defendant must establish that the challenged instruction (1) incorrectly states the law and (2) prejudiced her because the instruction likely confused or misled the jury. *United States v. Murphy*, 469 F.3d 1130, 1137 (7th Cir. 2006).

A.  Instruction 16

Capri contends that the court erred by including Instruction 16 because the indictment charged only Capri and Capri asserts that the Government did not offer evidence that Capri participated in a scheme.  Instruction 16 stated, in part:

> Counts One and Two of the indictment charge the Defendant with the offense of mail fraud.  To sustain the charge of mail fraud, the Government must prove the following propositions:
>
>> First, that the Defendant knowingly devised or participated in a scheme to defraud or to obtain money or property by means of material false statements, pretenses, representations, or promises, as described in Counts One and Two of the indictment; . . .

Capri argues that the court erred by including the wording "participated in a scheme" in Instruction 16 because such language is not consistent with the indictment.  However, Counts I and II of the indictment charged that Capri executed and engaged in a scheme to defraud.  In order for Capri to have engaged in a scheme to defraud, she must have participated in such a scheme.  Therefore, Instruction 16 was not an incorrect statement of the law.  In addition, Capri has not presented any evidence that Instruction 16 likely confused or misled the jury or prejudiced her in any way.

B.  Instruction 23

Capri argues that the court erred by including Instruction 23 because the indictment charged only Capri and Capri asserts that the Government did not offer evidence that Capri participated in a scheme.  Instruction 23 states:

> An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

Capri's argument is misplaced. Capri's defense was that someone else, rather than her, was involved with the crime charged in Counts I and II. Instruction 23 clarified that even if others were involved with the charged scheme, Capri could also have been involved. In addition, Instruction 23 was adopted pursuant to Pattern Criminal Federal Jury Instruction 5.05 for the Seventh Circuit. Therefore, Instruction 23 was not an incorrect statement of the law. In addition, Capri has not presented any evidence that Instruction 23 likely confused or misled the jury or prejudiced her in any way.

### C. Jury Instruction Number 25

Capri argues that the court erred by including Instruction 25 because the indictment charged only Capri and because Capri contends that the Government did not offer evidence that Capri participated in a scheme. Instruction 25 states:

> Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed. If the Defendant knowingly caused the acts of another, the Defendant is responsible for those acts as though she personally committed them.

4

As noted above, Capri's defense was that someone else, rather than her, was involved with the crime charged in Counts I and II. Given this defense, the jury could properly consider that even if someone else was involved in the scheme to defraud, Capri could have also been involved in the scheme to defraud. In addition, Instruction 25 was adopted pursuant to Pattern Criminal Federal Jury Instruction 5.06 for the Seventh Circuit. Further, the Government was not required to charge Capri with aiding and abetting and the Government was still required to prove beyond a reasonable doubt that "the aider or abettor knowingly acted to make the venture succeed." *United States v. Loscalzo*, 18 F.3d 374, 383 (7th Cir. 1994)(noting that "[a]iding and abetting is not a separate crime" and that "[a]n aider or abettor of a substantive offense may be treated as a principal"). Therefore, Instruction 25 was not an incorrect statement of the law. In addition, Capri has not presented any evidence that Instruction 25 likely confused or misled the jury or prejudiced her in any way.

II. Juror Claim

Capri asserts that the court "erred by failing to strike a juror who indicated that she knew [a] Harry Thomas," a name mentioned during trial. (Mot. New 2). During the course of the trial, a juror informed the court that she was familiar with a person by the name of "Harry Thomas," which was a name mentioned during the trial. Upon learning that the juror was familiar with a person by the name of "Harry Thomas," the court, counsel for Capri, and counsel for the Government questioned

the juror as to her knowledge of the person. After such inquiry, the court determined that the "Harry Thomas" known by the juror was not the same "Harry Thomas" who was referenced in the case. Specifically, the "Harry Thomas" known by the juror was alive, but the "Harry Thomas" referenced in the case was deceased. The "Harry Thomas" known by the juror lived at a different location, in a different city, and worked at a different profession than the "Harry Thomas" referenced in the case. The juror indicated to the court that she was convinced that the "Harry Thomas" known by her was not the "Harry Thomas" referenced in the case based on all the information and indicated that she could be fair, impartial, and look at the facts as presented by the parties in making a determination. In addition, Capri's counsel acknowledged to the court that the "Harry Thomas" known by the juror was not the "Harry Thomas" referenced in the case. Also, Capri fails to make any arguments in any detail or cite to legal authority that shows that the court erred in not dismissing a specific juror. *See United States v. Andreas*, 150 F.3d 766, 769 (7th Cir. 1998)(stating that "perfunctory and undeveloped arguments (even constitutional ones) are waived"). Therefore, Capri has not shown that the court erred in failing to strike the juror.

III.  Motion to Strike Surplusage & Bifurcated Trial Claim

Capri asserts that she is entitled to a new trial since the court "erred by denying Defendant's motion to strike surplusage and by holding a bifurcated trial relating to sentencing enhancement pursuant to Section 3147." (Mot. New 2). Once again, other

6

than this conclusory statement, Capri fails to make any arguments or cite to legal authority that shows that the verdict returned by the jury is contrary to any law. *See Andreas*, 150 F.3d at 769 (stating that "perfunctory and undeveloped arguments (even constitutional ones) are waived"). Capri must address why she believes the court improperly denied her motions. *See United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005)(indicating that it is the convicted defendant's burden to show that a new trial is warranted). There has been no showing by Capri that the court erred in any of the various rulings about which Capri complains. Capri's contention that the court erred in holding a bifurcated trial is without merit. In Counts I and II, Capri was charged with mail fraud in violation of 18 U.S.C. § 1341. In addition, in both of Counts I and II, Capri was charged with committing the offense of mail fraud while Capri was on release pursuant to 18 U.S.C. § 207, in violation of 18 U.S.C. § 3147. The court first submitted to the jury the question of whether the jury finds Capri guilty or not guilty for violating 18 U.S.C. § 1341. After the jury returned a verdict that Capri was guilty of Counts I and II for violating 18 U.S.C. § 1341, the court allowed the Government to present its case and gave Capri the right to present her defense on the Governments charge under 18 U.S.C. § 3147. The jury then returned a verdict finding that Capri violated 18 U.S.C. § 3147. Had the jury returned a verdict finding that Capri did not violate 18 U.S.C. § 1341, then it would not have been necessary to submit to the jury the question of whether Capri was guilty or not guilty for violating 18 U.S.C. § 3147. Since facts brought out by the Government during the trial relating to the charge of violation of 18 U.S.C. § 3147 would have included evidence that

Capri was on pretrial release from another offense when she allegedly committed the instant offenses under 18 U.S.C. § 1341, it would have been prejudicial to Capri if the court had not bifurcated the trial and allowed such evidence to be heard by the jury before the jury made a determination whether Capri violated 18 U.S.C. § 1341. This bifurcation eliminated the possibility of prejudice to Capri if the jury was informed that Capri was on pretrial release from another offense. Therefore, Capri has failed to show that the court erred in holding a bifurcated trial.

IV.  Hearsay Claim

Capri contends that the court erred by allowing the testimony of Michael Koscinski ("Koscinski"). Capri argues that Koscinski's testimony was inadmissible hearsay evidence because Koscinski testified that "a person whom he described as his secretary spoke to an unknown employee of Ocwen Bank and learned that Angela De La Cruz was not employed at Ocwen Bank." (Mot. New 2). Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The testimony of Koscinski was not hearsay as it was offered by the Government to explain Koscinski's future actions, and not to prove the truth of the matter asserted. Therefore, the court did not err by allowing Koscinski's testimony as to his conversation with an unknown employee at Ocwen Bank.

V.  Sufficient Identification of Defendant Claim

Capri contends that she is entitled to a new trial because the "Government failed to elicit a sufficient identification of the Defendant in that no witness identified her in court" during the course of the trial. (Mot. New 2). The Government presented a witness who identified Capri. In fact, Capri admits that "[t]he only person to identify Mary Capri was Agent Fay." (Mot. New 2). In addition to Capri's identification by the case agent, during the course of the trial, the Government also introduced identifying documents seized from Capri's home, which included a false identification card of Dorothy Scott with Capri's photograph, as well as Capri's photograph and driver's license that connected Capri to the address used as the drop off address relating to the charged offenses. Therefore, the Government met its burden as to the identification of Capri.

VI. Motion to Continue Trial Claim

Capri asserts that she is entitled to a new trial because "the court erred by failing to grant Defendant's motion to continue trial." (Mot. New 3). This court originally set a trial date of November 13, 2006. On November 8, 2006, the court granted Capri's motion to continue the trial from November 13, 2006, until December 11, 2006. In addition, on December 12, 2006, the trial date was reset to March 5, 2007, due to Capri's request that appointed counsel no longer represent her. Further, on December 19, 2006, the court granted Capri's motion to continue the trial from March 5, 2007, until April 9, 2007, due to defense counsel's request to adequately prepare for trial. Finally, on March 22, 2007, the court again granted Capri's motion

9

for continuation of the trial from April 9, 2007, and set the new trial date for April 11, 2007. As such, the court granted continuances based on requests from Capri's counsel. In addition, other than this conclusory statement, Capri offers no arguments that indicate why the court's rulings, albeit granting Capri's repeated requests for continuances, were in error and offers no legal support for her contentions. Capri must indicate why she, the movant, believes that the court's granting of several continuances were in error. *McGee*, 408 F.3d at 979; *Andreas*, 150 F.3d at 769.

VII.  Proof Beyond a Reasonable Doubt

Capri asserts that she is entitled to a new trial because "the Government failed to prove the Defendant guilty of the charges against her beyond a reasonable doubt." (Mot. New 3). However, Capri offers no arguments that indicate why she believes that the Government did not prove the charges against her beyond a reasonable doubt, nor does she provide the court with legal support for her contention. Rather, Capri offers only a conclusory statement with no precedent or legal reasoning. The jury returned a verdict of guilty after receiving the court's jury instruction that the burden is on the Government to prove its case beyond a reasonable doubt. Capri, as the movant, must do more than simply offer conclusory statements. Capri must offer the reasons that she contends that the Government did not meet its burden. *McGee*, 408 F.3d at 979; *Andreas*, 150 F.3d at 769. Therefore, there has been no showing by Capri that the Government failed to prove the charges against her beyond a reasonable doubt.

VIII.  Verdict Contrary to Evidence

Capri also contends in one sentence that she is entitled to a new trial because the "verdict is contrary to the evidence."  (Mot. New. 3).  However, Capri fails to point to any specific "evidence" in her one sentence conclusory statement.  *See Andreas*, 150 F.3d at 769 (stating that "perfunctory and undeveloped arguments (even constitutional ones) are waived").  In addition, Capri fails to make any arguments or cite to legal authority that shows that the verdict returned by the jury is contrary to any law.  *Id*.  Yet, in another single sentence, Capri vaguely seeks to incorporate other arguments made in her "pretrial motion, . . . open court, . . . and the arguments of previously filed motions, memoranda, etc."  (Mot. New. 3).  It is Capri's burden as the movant to point to specific evidence that she believes was improperly admitted and she cannot simply refer to the entire trial transcript as her argument in support of this motion.  *See McGee*, 408 F.3d at 979 (indicating that it is the convicted defendant's burden to show that a new trial is warranted).  Capri has failed to show that the verdict was in any way contrary to the evidence.

IX.  Verdict Contrary to Law

Capri also contends that she is entitled to a new trial because the "verdict is contrary to the law."  (Mot. New. 3).  However, Capri fails to point to any specific "law" she references in her conclusory statements.  *See Andreas*, 150 F.3d at 769

(stating that "perfunctory and undeveloped arguments (even constitutional ones) are waived"). In addition, Capri fails to make any arguments or cite to legal authority that shows that the verdict returned by the jury is contrary to any law. Instead, Capri vaguely seeks to incorporate other arguments made in her "pretrial motion, . . . open court, . . . and the arguments of previously filed motions, memoranda, etc." (Mot. New. 3). It is Capri's burden as the movant to point to specific evidence that she believes was improperly admitted and she cannot simply refer to the entire trial transcript as her argument in support of this motion. *See McGee*, 408 F.3d at 979 (indicating that it is the convicted defendant's burden to show that a new trial is warranted). Capri has failed to show that the verdict was in any way contrary to the law.

X. Other Constitutional Claims

Capri asserts in one cursory sentence that she is entitled to a new trial because the "verdict is contrary to all accepted principles of due process, equal protection, and fundamental fairness." (Mot. New 3). However, other than this blanket statement, Capri fails to point to any specific mistake in the court's rulings. In addition, Capri fails to make any legal arguments and fails to cite legal support for her position. *See Andreas*, 150 F.3d at 769 (stating that "perfunctory and undeveloped arguments (even constitutional ones) are waived"). Instead, Capri vaguely seeks to incorporate other arguments made in her "pretrial motion, . . . open court, . . . and the arguments of previously filed motions, memoranda, etc." (Mot. New. 3). Capri cannot simply

allude vaguely to statements made during the trial or in motions previously filed before the court. *See McGee*, 408 F.3d at 979 (indicating that it is the convicted defendant's burden to show that a new trial is warranted). There has been no showing by Capri that the verdict was contrary to all accepted principles of due process, equal protection, and fundamental fairness.

XI. Other Matters & Totality of Circumstance Claim

Capri asks the court "to consider any other matters or record that, in the interest of justice, require that a new trial be granted," and also argues that she is entitled to a new trial due to "the totality and combined effect of the errors alleged [in the motion], and in the interests of justice." (Mot. New. 3). Other than alleging a laundry list of errors, Capri fails to offer any valid arguments that indicate why the court's rulings were in error and fails to cite to any legal precedent in support of her conclusions. Capri must do more than simply state, for example, that the "verdict is contrary to all accepted principles of due process, equal protection, and fundamental fairness" or that "the totality of the combined effect of the errors" requires a new trial. (Mot. New 3). Capri must address which statements she thinks were improperly admitted and explain why she, the movant, believes that the court erred. *McGee*, 408 F.3d at 979; *Andreas*, 150 F.3d at 769. There has been no showing by Capri that the court erred in any of the various rulings about which Capri complains.

## CONCLUSION

Based on the foregoing analysis, we deny Capri's motion for a new trial.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 9, 2007